UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>INSILCO TECHNOLOGIES, INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 02-13672 (KJC)<br><br>(Jointly Administered) |
| AMPHENOL CORPORATION and AMPHENOL TECHNICAL PRODUCTS INTERNATIONAL CO.,<br><br>Plaintiffs,<br><br>v.<br><br>CHAD SHANDLER, AS TRUSTEE OF THE INSILCO LIQUIDATING TRUST - UNSECURED CREDITOR SERIES,<br><br>Defendant. | Adv. Proc. No. 05-52403 (KJC) |

**CORRECTED
DESIGNATION OF CONTENTS FOR THE RECORD ON APPEAL
AND STATEMENT OF ISSUES PRESENTED ON APPEAL
BY APPELLANTS AMPHENOL CORPORATION AND
AMPHENOL TECHNICAL PRODUCTS INTERNATIONAL CO.**

Appellants Amphenol Corporation and Amphenol Technical Products International Co. (together, "Amphenol"), by and through their undersigned attorneys, hereby submit the following corrected (i) designation of the items to be included in the record on appeal from the Order dated September 18, 2006 by United States Bankruptcy Judge Kevin J. Carey granting Defendant's motion to dismiss the above-captioned adversary-proceeding (the "Amphenol Adversary Proceeding"), and (ii) statement of issues presented on appeal. The Appellants respectfully reserve the right to supplement and amend the record designations and the statement of issues to be presented on appeal appearing herein.

This corrected filing addresses a clerical error appearing in the statement of issues

500106784v1

presented on appeal that Appellants Amphenol Corporation and Amphenol Technical Products International Co. filed on October 5, 2006. As the Appellee pointed out in its October 16, 2006 response, item number one in Appellants' statement of issues mistakenly stated that "the Debtors sold all shares of PCM to Amphenol in exchange for payments totaling $1,176,582.10." The instant filing corrects item number one to read as follows in relevant part: "Debtors sold all shares of PCM to Amphenol in exchange for payments totaling approximately $10,000,000." Appellants apologize for any confusion or inconvenience that may have resulted from this inadvertent error. Two non-substantive typographical errors in the items three and four have also been corrected. All other portions of the designation of contents for the record on appeal and statement of issues presented on appeal are unchanged.

**DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL**

1.  From the Chapter 11 Docket: *In re Insilico Technologies, Inc.*, Ch. 11 Case No. 02-13672 (KJC)

| Docket No. | Docket Date | Title of Filing |
|---|---|---|
| 54 | 12/19/02 | Part 1 of Motion to Sell Free and Clear of Liens Motion for Orders Pursuant to 11 U.S.C. Sections 363(b), 365, and 105(a) and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014 (I) Approving (A) Bidding Procedures, (B) Termination Payments and (C) the Form and Manner of Notice of (i) the Sale of Certain Assets Related to Debtors' Custom Assemblies Business and (ii) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and Granting Related Relief, and (II) Authorizing and Approving (A) the Sale of Certain Assets Related to Debtors' Custom Assemblies Business Free and Clear of Liens, Claims, Encumbrances and Interests and (B) The Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Filed by Insilco Technologies, Inc. |

| Docket No. | Docket Date | Title of Filing |
|---|---|---|
| 55 | 12/19/02 | Part 2 of Motion to Sell Free and Clear of Liens Motion for Orders Pursuant to 11 U.S.C. Sections 363(b), 365, and 105(a) and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014 (I) Approving (A) Bidding Procedures, (B) Termination Payments and (C) the Form and Manner of Notice of (i) the Sale of Certain Assets Related to Debtors' Custom Assemblies Business and (ii) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and Granting Related Relief, and (II) Authorizing and Approving (A) the Sale of Certain Assets Related to Debtors' Custom Assemblies Business Free and Clear of Liens, Claims, Encumbrances and Interests and (B) The Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Filed by Insilco Technologies, Inc. |
| 201 | 1/29/03 | Order Pursuant to 11 U.S.C. Sections 363(b), 365 and 105(a) and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014 Approving (A) Bidding Procedures, (B) Termination Payments and (C) the Form and Manner of Notice of (i) the Sale of Certain Assets Related to the Debtors' Custom Assemblies Business and (ii) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and Granting Related Relief. |
| 223 | 2/5/03 | Transcript of Hearing Held on January 16, 2003. |
| 231 | 2/6/03 | Certification of Counsel Regarding Amended order with Respect to the Sale of the Custom Assemblies' Assets Filed by Insilco Technologies, Inc. |
| 298 | 2/19/03 | Order (Amended) Pursuant to 11 U.S.C. Sections 363(b), 365 and 105(a) and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014 Approving (A) Bidding Procedures, (B) Termination Payments and (C) the Form and Manner of Notice of (i) the Sale of Certain Assets Related to the Debtors' Custom Assemblies Business and (ii) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and Granting Related Relief. |
| 333 | 2/26/03 | Affidavit/Declaration of Service Re: Notice of Sale of Custom Assemblies Assets - Associated with Sale to Amphenol Corporation and Amphenol Technical Products International Co. Filed by Insilco Technologies, Inc. |
| 339 | 2/26/03 | Affidavit/Declaration of Service Re: Bid Procedures Motion and Order with respect to Custom Assemblies Sale Filed by Insilco Technologies, Inc. |
| 417 | 3/6/03 | Affidavit/Declaration of Service Re: Notice of Sale with Respect to the Custom Assemblies Business Filed by Insilco Technologies, Inc. |
| 445 | 3/7/03 | Order (i) Authorizing Sale of Certain Assets Related to the Debtors' Custom Assemblies Business Free and Clear of Liens, Claims, Encumbrances and Interests, (ii) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (iii) Granting Related Relief. |
| 590 | 4/16/03 | Transcript of Hearing Held on March 7, 2003 |

500106784v1

2. **From the Liquidating Trustee's Adversary Proceeding Against Precision Cable de Mexico:** *Shandler v. Precision Cable de Mexico*, Adv. Proc. No. 04-57713 (KJC)

| Docket No. | Docket Date | Title of Filing |
|---|---|---|
| 1 | 12/14/04 | Complaint by Chad Shandler as Trustee for the Insilco Liquidating Trust against Precision Cable de Mexico. |
| 24 | 7/8/05 | Notice of Entry of Special Appearance and Objection to entry of default judgment Filed by Precision Cable de Mexico. |

3. **From Amphenol's Adversary Proceeding Against the Liquidating Trustee:** *Amphenol Corp. v. Shandler*, Adv. Proc. No. 05-52403 (KJC)

| Docket No. | Docket Date | Title of Filing |
|---|---|---|
| 1 | 8/24/05 | Complaint for Declaratory and Injunctive Relief by Amphenol Corporation and Amphenol Technical Products International Co. against Chad Shandler, as Trustee of the Insilco Liquidating Trust |
| 3 | 8/24/05 | Motion for Preliminary Injunction by Amphenol Corporation and Amphenol Technical Products International Co. |
| 8 | 9/15/05 | Trustee's Response to Motion of Plaintiffs for Preliminary Injunction |
| 13 | 9/20/05 | Reply To The Liquidating Trustee's Response To Plaintiffs' Motion For A Preliminary Injunction |
| 14 | 9/21/05 | Motion to Dismiss Adversary Proceeding for Failure To State a Claim and For Judgment On The Pleadings Filed by Chad Shandler, as Trustee of the Insilco Liquidating Trust |
| 15 | 10/5/05 | Transcript of Equity Holders Motion Held on September 22, 2005 Before the Honorable Kevin J. Carey |
| 17 | 10/26/05 | Objection to Defendant Trustee's Motion to Dismiss and for Judgment on the Pleadings |
| 19 | 11/22/05 | Reply In Support Of Defendant Trustee's Motion To Dismiss For Failure To State A Claim And For Judgment On The Pleadings |
| 21 | 9/19/06 | Memorandum Regarding Motion to Dismiss Adversary Proceeding for Failure To State a Claim and For Judgment On The Pleadings |
| 22 | 9/19/06 | Order Granting Defendant's Motion to Dismiss |

## STATEMENT OF ISSUES PRESENTED ON APPEAL

1. Whether the Bankruptcy Court erred in granting Defendant's motion to dismiss on the merits in the Amphenol Adversary Proceeding wherein Amphenol sought a declaration that the Debtor and its successors and assigns released and waived any right to bring a preference

action against its former wholly-owned subsidiary, Precision Cable de Mexico ("PCM"), under the terms of the Sale Agreement and Sale Order whereby the Debtors sold all shares of PCM to Amphenol in exchange for payments totaling approximately $10,000,000.

2. Whether the Bankruptcy Court erred by finding that a successor to the Debtors could bring a preference action against PCM notwithstanding language in the Sale Agreement stating that Amphenol would "purchase and acquire from [the sellers], free and clear of all Encumbrances (except for Closing Encumbrances), all of the right, title and interest that [the sellers] possess in the Shares."

3. Whether the Bankruptcy Court erred by finding that a successor to the Debtors could bring a preference action against PCM notwithstanding language in the Sale Order (i) stating that Amphenol was receiving "all right, title and interest of the Debtors in the Purchased Assets and Shares free and clear of any and all ... Interests" and defining the term "Interests" to include "preferences" and despite a statement in the Sale Order that "[e]xcept as specifically provided in the Sale Agreement or in this Sale Order, the Buyers shall not assume or become liable for any Interest relating to the Purchased Assets or Shares being sold by the Sellers."

4. Whether the Bankruptcy Court erred by finding that, notwithstanding that the Sale Order expressly defined the term "Interests" to include "preferences" without further elaboration, the definition should be read to permit prosecution of a preference claim arising under the Bankruptcy Code against PCM and prohibit only other claims of a preferential right to the assets by third-party creditors under state law, contract or otherwise.

5. Whether the Bankruptcy Court erred by finding that the Debtors and their successors specifically reserved the right to bring a preference action against PCM in the Sale Agreement by defining "Excluded Assets" from the transaction to include unspecified "claims,

5

500106784v1

causes of action, chose in action and rights of recovery pursuant to Sections 544 through 550 and Section 553 of the Bankruptcy Code."

| | |
|---|---|
| Dated: October 20, 2006 | PACHULSKI STANG ZEHL YOUNG JONES & WEINTRAUB LLP<br><br>*/s/ Scotta McFarland*<br>Laura Davis Jones (Bar No. 2436)<br>James E. O'Neill (Bar No. 4042)<br>Scotta E. McFarland (Bar No. 4184)<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, Delaware 19899-8705 (Courier 19801)<br>Telephone: (302) 652-4100<br>Facsimile: (302) 652-4400<br><br>and<br><br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>David A. Crichlow (admitted *pro hac vice*)<br>Harry E. Garner (admitted *pro hac vice*)<br>1540 Broadway<br>New York, NY 10036<br>212.858.1422 Office<br>212.858.1500 Fax<br><br>Co-Counsel to Amphenol Corporation and Amphenol Technical Products International Co. |

TO:

Andrew Silfen, Esq.
Arent Fox PLLC
1675 Broadway
New York, New York 10019

David P. Primack, Esq.
Drinker Biddle & Reath, LLP
110 North Market Street, Suite 1000
Wilmington, Delaware 19801